IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KATRINA READY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **2:07-cv-618-WHA** |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION TO DISMISS**

Comes now the respondent, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rule 12(b)(1), moves the Court to dismiss the above-styled cause as it lacks subject matter jurisdiction, and as grounds states as follows:

*I.*   *Statement of facts*

On May 8, 2007, the petitioner was required to provide a urine sample to officials of Bannum Place which was tested for the presence of various contraband, including alcohol. Ms. Oliver, a female employee of Bannum Place requested the sample from the petitioner in accordance with a schedule for random testing of the residents established by the director, Mr. Coleman and another facility employee, Mr. Vane

The petitioner and Ms. Oliver entered the staff restroom which contains two toilets not separated by a divider of any kind where the petitioner was required to urinate in a collection cup and then pour her urine into a collection bottle. All this was done in the

presence of Ms. Oliver, who then, in the presence of the petitioner, placed a seal on the bottle which bore a unique identifying number, 807127. The petitioner was then required to sign the seal placed on the bottle. The petitioner was also required to certify that the sample contained in the bottle bearing her signature was hers. The specimen was forwarded to Redwood Toxicology Laboratory for analysis. On May 15, 2007, Redwood Toxicology Laboratory reported that the specimen bearing # 807127, collected from identification number 10772-002, the petitioner's BOP registration number, was positive for the presence of alcohol (ethanol).

Given that this indicated the petitioner had violated facility rules of which she was apprised on March 23, 2007, the petitioner was transferred to the Elmore County Jail on May 16, 2007, pending disciplinary action for a violation of Code 222, Making , Possessing or Using Intoxicants. On May 23, 2007, Ms. Oliver delivered a copy of the incident report, BP Form S 206.073 to the petitioner at the Elmore County Jail and a Notice of Center Discipline Committee Hearing, BP Form S 207.073. The petitioner identified Lloyd Snellgrove and Brenda Henderson as witnesses who wold present evidence on her behalf at the the hearing scheduled for May 29, 2007 at the Elmore County Jail.

At the hearing held on May 29, 2007, the petitioner declined to address the charges or to offer any evidence to refute the results of the report of the Redwood Toxicology Laboratory report. Given the absence of any wrongdoing regarding the collection,

testing, or authenticity of the specimen, the hearing officer, Ms. Carolyn Rollins determined that the petitioner had committed a violation of the applicable rules and recommended that the Disciplinary Hearing Officer (DHO), if it affirmed the violation had occurred, impose a penalty disallowing between 25% and 50% of the petitioner's good time credit and a disciplinary transfer.

The matter was referred to a DHO of the BOP who, on July 9, 2007, certified the proceedings and punishments administered and suggested held by Ms. Rollins. The petitioner's projected release date is September 24, 2007.

## II.     *Disciplinary Procedures At CCCs*

Pursuant to Program Statement (PS) 7300.09, Community Corrections Manual, Chapter 5.7, CCCs are required by the term of their contracts to use a discipline system where a BOP Discipline Hearing Officer (DHO) takes final action. Thus, several BOP forms are used during the CCC's discipline process. See Relevant Sections of PS 7300.09, **Attachment 2**[1]. CCC's utilize Table 3 of the Prohibited Acts and Disciplinary Scale contained in PS 5270.07, Discipline and Special Housing Units. A copy of Table 3 is provided as **Attachment 3**.

Ordinarily, within three working days of receipt of the Center Disciplinary Committee (CDC) packet, a Discipline Hearing Officer (DHO) shall review it for compliance with the CDC discipline policy specified in PS 7300.09 and Wolff v.

---

[1]     Attachment citations refer to the same attachments filed in the respondents' response to the petition filed herein on July 9, 2207.

<u>McDonnell</u>. The DHO shall complete the Checklist for Center Discipline Committee Certification form and place it in front of the CDC packet. The DHO shall also sign and date the CDC Report on the top right side to certify compliance with disciplinary requirements. If the DHO is not satisfied that all criteria are met, they will return the packets and point out errors and omissions to be corrected. If the DHO experiences recurring problems, the Community Corrections Manager (CCM) should be notified so the issue can be addressed as a matter of contract compliance.

Pursuant to PS 7300.09, inmates may appeal disciplinary action imposed by the CCC/CDC staff or DHO through the Administrative Remedy process. When disciplinary action is imposed, the inmate shall be advised of the appeal procedures. See **Attachment 2,** Section, 5.7.6. If the inmate is being transferred to a federal institution, he/she shall wait to use the Administrative Remedy procedure upon arrival at the institution. <u>Id.</u>

The BOP Administrative Remedy Program for inmates is set out in the Code of Federal Regulations at 28 C.F.R. 542.10 et seq (2003). An inmate may seek formal review of any aspect of his imprisonment if less formal procedures do not resolve the matter. 28 C.F.R. 542.10. The procedure provides a three-tiered review process comprised of the Warden, the Regional Director, and the General Counsel. 28 C.F.R. 542.11. The inmate has 20 calendar days from the date on which the action complained of occurred to attempt informal resolution and file a formal complaint. Inmates are instructed to place a single complaint or a reasonable number of closely related issues on

the form.

The Warden ordinarily has 20 calendar days to respond. 28 C.F.R. 542.14. If the inmate is not satisfied with the response received from the Warden, the response may be appealed to the Regional Director within 20 calendar days. If the inmate is not satisfied with the response of the Regional Director, that response may be appealed to the General Counsel within 30 calendar days. Appeal to the Office of the General Counsel is the final administrative appeal in the Bureau of Prisons. 28 C.F.R. 542.15.

### III.	*The Petitioner Has Not Exhausted Her Administrative Remedies, thus this Court Is Without Subject Matter Jurisdiction.*

The Supreme Court has made clear the filing by an inmate of an action in federal district court before completing the administrative remedy process violates the mandatory exhaustion requirement contained in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and requires the action to be dismissed. In Booth v. Churner, 532 U.S. 731 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms of relief sought and offered through administrative avenues." Id. at 741 n. 6. Significantly, the Court closed the door on any potential arguments by inmates urging the futility of exhausting administrative remedies: "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. In Porter v. Nussle, 534 U.S. 516 (2002), a unanimous Court again emphasized the mandatory nature of the PLRA

exhaustion requirement, applying it broadly to "all inmate suits about prison life." Id. at 532. The Supreme Court stated, all 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. at 524 (quoting Booth v. Churner, 532 U.S. at 740).

While the Eleventh Circuit has ruled the exhaustion requirement of the PLRA does not apply to habeas petitions filed under 28 U.S.C. § 2241, Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004), the Eleventh Circuit does mandate "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner, at 1295. See also, Perez-Perez v. Hanberry, 781 F.2d 1477 (11th Cir. 1986). Exhaustion of administrative remedies by the BOP for resolution of inmate complaints is a jurisdictional prerequisite to filing suit, United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (Requirement that inmate seeking credit against sentence for time in custody must exhaust administrative remedies is jurisdictional); accord United States v. Herrera, 931 F.2d 761 (11th Cir. 1991), cert. den. 503 U.S. 972 (1992); United States v. Mitchell, 845 F.2d 951 (11th Cir. 1988)(Exhaustion of administrative remedies is jurisdictional).$^{2}$

---

$^{2}$   While the Skinner decision did not precisely state that the exhaustion requirement was jurisdictional, several unpublished decisions of the 11th Circuit have since so stated. *See*, Hegney v. Holder, 177 Fed.Appx. 901 (11th Cir. 2006) Jaimes v. United States, 168 Fed.Appx. 356 (11th Cir. 2006). *Also see, however*, Jones v. Zenk, ___ F.Supp.2d ___, 2007 WL 1991406 (N.D.Ga. July 6, 2007) ("the Court concludes that, although the Eleventh Circuit has occasionally labeled the exhaustion requirement in § 2241 cases as 'jurisdictional,' it has not uprooted the exhaustion requirement from its judicial, and thus, prudential foundation.")

*IV.*     *Conclusion*

For the foregoing reasons it is respectfully requested that the petition in this cause be dismissed.

Respectfully submitted this 16th day of July, 2007.

                                  LEURA G. CANARY
                                  United States Attorney

                          By: s/R. Randolph Neeley
                                R. Randolph Neeley
                                Assistant United States Attorney
                                Bar Number:  #9083-E56R
                                Attorney for Defendant
                                United States Attorney's Office
                                Post Office Box 197
                                Montgomery, AL  36101-0197
                                Telephone: (334) 223-7280
                                Facsimile:
                                E-mail:  rand.neeley@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EDF system which will send notification of such filing to plaintiff's attorney, Benjamin E. Pool, Esq.

                                  s/R. Randolph Neeley
                                  Assistant U.S. Attorney